WERTHEIM & CO. et al.,
Plaintiffs-Appellants,

v.

CODDING EMBRYOLOGICAL SCI-
ENCES, INC., Codding Cattle Research,
Donald K. Codding and Charles H. Cod-
ding, Defendants-Appellees.

No. 78–1569.

United States Court of Appeals,
Tenth Circuit.

Argued Jan. 24, 1980.
Decided April 30, 1980.

Victor P. Muskin, New York City, of counsel, Stephen R. Steinberg, Reavis & McGrath, New York City, with him on brief, for plaintiffs-appellants.

Gene L. Mortensen of Rosenstein, Fist & Ringold, Tulsa, Okl., for Donald Codding and Charles Codding, defendants-appellees.

Before McWILLIAMS, BREITENSTEIN and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

This case involves the Securities Act of 1933 and the Securities Exchange Act of 1934. Wertheim & Company is a partnership engaged in major securities offerings with offices in New York. Donald and Charles Codding are brothers engaged in the ranching business in Osage County, Oklahoma. In 1972 the Coddings launched a special beef stock promotion which involved two aspects: (1) utilization of the most recent technology for breeding, feeding and care of cattle; and (2) the use of embryo transplants for exotic cattle breeds as a means of extending genetic influence and increasing productivity.[1]

The Coddings needed financing for their project and were introduced by a mutual friend to Wertheim. After extended negotiations, Wertheim and the Codding brothers formed a corporation known as Codding Embryological Sciences, Inc., hereinafter referred to as CES, or the Corporation. CES was organized under Delaware law, and it was formed to carry on the beef stock promotion referred to above. A building was to be constructed on the Codding ranch in Oklahoma and the business of CES was to be conducted out of that location. Sixty percent of the stock of CES was owned by the Coddings with the remaining forty percent belonging to Wertheim.

The securities later offered by CES were acquired entirely by Wertheim for the account of various partners, and others, except for $18,000 in CES securities which were acquired by the Coddings. The proceeds realized by Wertheim from the sale of CES securities were $650,000. After deducting $50,000 in fees, the remaining $600,000 was put in CES.

Without going into great detail at this point, the Corporation floundered and is now defunct.[2] It was in this general setting that Wertheim, and others, brought suit against the Codding brothers and CES. Specifically, Wertheim charged violations of §§ 12(2) and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77l(2) and 77q(a), as well as violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 of the Securities Exchange Commission, 17 C.F.R. § 240.10b(5). There were also pendant claims based on fraud and breach of contract.

Trial of the case was to the court, without a jury, and lasted some six days. The trial judge found for the Coddings and entered judgment in their favor. Wertheim now appeals.

In support of his judgment the trial judge made extensive findings of fact and conclusions of law, consisting of some 36 pages. In summary, the trial judge found that the Coddings had made certain material misrepresentations to Wertheim, as well as one material omission. However, the trial judge further found that in committing the misrepresentations and the omission, the Coddings were only negligent, and were acting in good faith. It was on this basis, i. e., lack of *scienter*, that the trial court rejected Wertheim's claims based on § 10(b) and Rule 10b–5. Alternatively, the trial judge also found that even assuming the Coddings acted intentionally, rather than negligently, Wertheim did not in fact

1. The embryological transplant concept involves the taking of eggs of a genetically-superior cow and implanting those eggs, after the sperm of the bull has come in contact with them, into a lesser grade cow. The genetically-superior cow is thereby available for another transplant after her next pregnancy. The less-

er grade cow thereafter carries that sperm and the egg to term.

2. CES has been reorganized in Chapter X proceedings, and was only a nominal defendant at the trial. It is not represented on appeal.

rely on Coddings' misrepresentations, or omission, nor had Wertheim itself acted with due diligence.

As concerns Wertheim's claim based on § 12(2) of the Securities Act of 1933, the trial court held that such was barred by the one-year statute of limitations contained in § 13 of that Act. The trial court also held that the privity required under § 12(2) of the Act did not exist between Wertheim and the Coddings.

As concerns the claim based on § 17(a) of the Securities Act, the trial court found that it too was barred by the one-year statute of limitations, as well as by the Coddings' lack of *scienter*.

### 10(b) and 10(b)5

As above mentioned, the trial court found that the Coddings had made material misrepresentations and a material omission to Wertheim. The misrepresentation related to the cost of the building that was being built on the Codding ranch to house CES. There was a cost overrun, and the trial court found that the Coddings had misrepresented to Wertheim the size of such overrun. The omission related to the Coddings' earlier participation in a similar enterprise. Some ten or more years earlier, the Coddings had engaged in a business venture with Armour and Company. The venture had been financially unsuccessful from the start, and it ended in protracted litigation. The trial court found that the Coddings had failed to reveal the venture and the litigation to Wertheim. See *C. H. Codding & Sons v. Armour and Company*, 404 F.2d 1 (10th Cir. 1968). However, the trial court further found that in making such representations, and in failing to tell Wertheim the facts about their ill-fated venture with Armour, the Coddings were only negligent, and had not acted intentionally, and were at all times acting in good faith. It was on this basic ground that the trial court held for the Coddings. Alternatively, the trial court also found that Wertheim did not in fact rely on any representation of the Coddings, and that Wertheim had not itself acted with due diligence.

■ It is agreed that a private cause of action for damages will not lie under 10(b) or 10(b)–5 in the absence of *scienter* on the part of the defendant, i. e., an intent to deceive, manipulate or defraud, and that liability under 10(b) and 10(b)–5 will not lie for merely negligent conduct. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) and *Holdsworth v. Strong*, 545 F.2d 687 (10th Cir. 1976), *cert. denied*, 430 U.S. 955, 97 S.Ct. 1600, 51 L.Ed.2d 805 (1977). The trial court found that the Coddings were only negligent in their dealings with Wertheim, and that they had at all times acted in good faith and with no intent to deceive. On appeal, Wertheim necessarily has to contend, and does, that such finding is clearly erroneous. Wertheim suggests that the record *requires*, as a matter of law, a finding that the Coddings had an actual intent to deceive Wertheim, or that their reckless conduct supplied the necessary element of *scienter*. We do not agree with this argument.

■ A trial court's findings of fact are binding on an appellate court unless clearly erroneous. Fed.R.Civ.P. 52(a). The trial court's finding in the instant case that though the Coddings acted negligently, they did not have any intent to deceive and acted in complete good faith with Wertheim is a finding of fact and is well within the evidence presented to the trial court. The issue as to a person's state of mind almost invariably presents an issue of fact. Under the circumstances, we, as an appellate court, are not at liberty to overturn the trial court's determination that there was no intentional misconduct on the part of the Coddings.

■ The trial court's finding that the Coddings' misleading acts were only negligent and not intentional also disposes of the recklessness issue. We recognize that recklessness has been held to be tantamount to *scienter* in some circumstances. See *Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 570 F.2d 38 (2nd Cir. 1978); *Sunstrand v. Sun Chemical Corp., et al.*, 553 F.2d 1033 (7th Cir.), *cert. denied*, 434 U.S. 875, 98 S.Ct. 225, 54

L.Ed.2d 155 (1977). However, recklessness has been defined, in such context, as a frame of mind which "comes closer to being a lesser form of intent than merely a greater degree of ordinary negligence." *Sanders v. John Nuveen & Co., Inc.,* 554 F.2d 790, at 793 (7th Cir. 1977). The trial court's determination that the Coddings were only negligent negates the argument that they were guilty of reckless conduct, if indeed there was no actual intent to deceive. In sum, we affirm the trial court's dismissal of Wertheim's 10(b) and 10(b)–5 claims.

### Section 12(2)

 It is agreed that *scienter* on the part of a defendant is not essential to recovery under this section. However, section 13 of the Securities Act of 1933 provides a one-year statute of limitation. The trial court found that Wertheim learned in early December, 1973, that the Coddings had misrepresented the cost overrun on the building, and that at about the same time Wertheim also learned of the Coddings' ill-fated venture with Armour and Company. There is ample evidence to support this particular finding. The present action was not instituted until January, 1975, more than one year from Wertheim's discovery of the Coddings' misconduct. It was on this basis, *inter alia,* that the trial court dismissed Wertheim's section 12(2) claim.

That more than one year elapsed between discovery of defendants' misrepresentation and the institution of the present action is not really in dispute. In this Court Wertheim argues that there should have been a tolling of the statute. Whether this argument was presented to the trial court is difficult to ascertain from the record before us. In any event, our study of the present record does not reveal such conduct on the part of the Coddings as would compel a trial court, as a matter of law, to find a tolling of the statute. Under the circumstances, the trial court did not err in its finding that the one-year statute barred the claim based on section 12(2).

### Section 17(a)

 Wertheim, in this Court, does not pursue its claim based on section 17(a). In the trial court, counsel indicated the claim based on section 17(a) was included in Wertheim's 10(b)–5 claim. In any event, for the reasons set forth above, the trial court's dismissal of any claim based on section 17(a) was under the circumstances quite proper.

Judgment affirmed.