**Donald RESLER, et al., Plaintiffs,**

v.

**FINANCIAL GROUP, INC., et al., Defendants.**

**No. CIV–84–848–W.**

United States District Court, W.D. Oklahoma.

April 17, 1985.

Robert S. Baker, Baker, Baker, & Smith, Gary F. Duckworth, Oklahoma City, Okl., for plaintiffs.

Kirk D. Fredrickson, Patricia A. McCarthy, Fredrickson, Merrick & Patton, Stephen S. Boaz, Holloway, Dobson, Hudson & Bachman, Michael Rubenstein and Monty L. Bratcher of Bratcher & Teague, B.J. Cooper, Kenneth L. Buettner, McAfee, Taft, P.C., Oklahoma City, Okl., James D. Hinga and John B. Moorhead, Denver, Colo., John Henry Rule and Sidney G. Dunagan, Gable & Gotwals, Tulsa, Okl., for defendants.

### ORDER

LEE R. WEST, District Judge.

Before the Court for its consideration is defendant Akin, Gump, Strauss, Hauer & Feld's Motion to Dismiss the cross-claim of cross-claimants Financial Group, Inc. (FGI) and Florida Commuter Airways, Ltd. (FCAL).[1] The crossclaimants have responded in opposition to this motion. For the reasons hereinafter set forth, the motion will be granted in part and denied in part.

 Akin, Gump, Strauss, Hauer & Feld (Akin, Gump) contends that the crossclaimants have failed to state claims upon which relief can be granted or, in the alternative, that the claims are barred by the

applicable statutes of limitations. It is well established that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In the context of a motion to dismiss, the Court must construe the challenged pleading in the light most favorable to the nonmoving party, must accept as true all well-pleaded factual allegations and reasonable inferences therefrom, and must disregard all legal or unsupported conclusions. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976). Further, the complaint should not be dismissed merely because the claimant's allegations do not support his stated legal theory, for the Court is obligated to determine whether the allegations support relief on any possible theory. *See Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1375 n. 5 (10th Cir.1980).

With these standards in mind, the allegations in the cross-claim, which we will accept as true for the purpose of this motion, can be summarized as follows. Crossclaimants purchased certain limited partnership units in a Texas limited partnership known as Dolphin Commuters Limited (DCL). The general partners in DCL were defendant Leonard Blaylock and Dolphin Airways, Inc. (DAI), a Delaware corporation owned virtually exclusively by Blaylock. Defendant Akin, Gump, was employed by Blaylock and DAI to provide legal services. Akin, Gump assisted Blaylock in preparing a prospectus or private offering memorandum to facilitate the sale of DCL limited partnership units. The DCL offering memorandum contained untrue statements of material facts and omitted other facts necessary to make other statements therein not misleading, including the following information: 1) that Blaylock had been denied registration as a General Securities Dealer by the Texas State Securities Board; 2) that Blaylock was the subject of a consent order by the SEC finding Blaylock willfully violated and aid-

1. FGI is the general partner in FCAL, an Oklahoma limited partnership.

ed and abetted the violation of securities laws: 3) that NASD had barred Blaylock from association with any NASD firm; and 4) that Blaylock was the subject of numerous lawsuits, judgments, and liens.

FGI purchased 30 units of DCL prior to November 10, 1984.[2] In purchasing these units FCAL and FGI relied upon the statements in the offering memorandum. Akin, Gump was a substantial factor in causing cross-claimants to purchase the DCL units due to certain express and implied representations if made with respect to the character and reputation of Blaylock. Akin, Gump's failure to exercise due diligence in investigating Blaylock's background or, in intentionally not disclosing the material facts concerning Blaylock's background, was reckless and an extreme departure from standards of ordinary care. FCAL and FGI did not know and in the exercise of due diligence could not have known of the material misrepresentations and material omissions in the DCL offering prior to the commencement of this action. The units in DCL for which the cross-claimants paid a substantial amount are now virtually worthless.

### Section 10(b) Claim

In its motion to dismiss, Akin, Gump contends that the cross-claimants have failed to state a cause of action based upon section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5, 17 C.F.R. § 240.10b–5. In support of this contention, defendant argues that a cause of action under Rule 10b–5 cannot be based upon negligence. In the alternative Akin, Gump contends the allegations do not comport with Rule 9(b), Fed.R.Civ.P., and that the claims are barred by the statute of limitations.

■ In response, the cross-claimants contend they have stated their fraud claims with sufficient particularity. Cross-claimants further argue that liability under Rule

10b–5 can be predicated upon reckless conduct. Additionally, FCAL and FGI contend that the action is not barred by the statute of limitations because the fraud was discovered less than two years before the initiation of this action.

■ Rule 9(b), Fed.R.Civ.P., provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," but that "[m]alice, intent, knowledge, or other condition of mind may be averred generally." Fed.R.Civ.P. 9(b). Rule 9(b) does not require detailed fact pleading of claims of fraud. *See Garcia v. Bernabe,* 289 F.2d 690, 692–93 (1st Cir.1961). *See also* Official Form 13; Fed.R.Civ.P. 84. *See generally Nolan Bros., Inc., v. United States for the Use of Fox Bros. Construction Co.,* 266 F.2d 143, 145–46 (10th Cir. 1959) (Rule 9(b) "merely requires that the *circumstances* constituting fraud shall be pleaded with particularity." [emphasis added]). Rather, Rule 9(b) must be read in conjunction with the simplified system of "notice pleading" generally contemplated by the Federal Rules, *see Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), and specifically codified in Rule 8, Fed.R.Civ.P. 8(a), (b), (e), (f). *See Tomera v. Galt,* 511 F.2d 504, 508 (7th Cir.1975); *Felton v. Walston & Co.,* 508 F.2d 577, 581 (2d Cir.1974); *In re Home-Stake Production Co. Securities Litigation,* 76 F.R.D. 337, 348–49 (N.D.Okl.1975); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298 at 406–407 & n. 66 (1969 & Supp.1982). Thus, the Court will not sustain an attack on a pleading of fraud unless absolutely necessary to protect the purposes underlying Rule 9(b)'s particularity requirement. *See Massey-Ferguson, Inc. v. Bent Equipment Co.,* 283 F.2d 12, 15 (5th Cir.1960); 5 C. Wright & A. Miller, *supra,* § 1300 at 425. In the context of a securities fraud case, such as

---

**2.** In paragraph 19 cross-claimants allege that on June 2, 1981, FGI, by its President Larry Goff, signed a subscription agreement on behalf of FCAL to buy 30 units of DCL. In paragraph 20, however, cross-claimants allege they purchased 30 units of "DCAL" subsequent to November 10,

1984. The Court believes that cross-claimants inadvertently entered "DCAL" meaning "DCL" and that claimant intended that the word "prior" be used instead of subsequent. Cross-claimants should correct this paragraph if there are errors.

**1458**

this, there are three such purposes: to enable defendants to prepare meaningful responses, to preclude the use of a groundless fraud claim as a pretext to discover a wrong, and to safeguard defendants from lightly made charges which might damage their reputations. *See id.* § 1296 at 399–400 & nn. 48–50.

When read in light of these standards the cross-complaint is clearly sufficient. FCAL and FGI allege specifically the role played by Akin, Gump in the DCL transaction and on what basis cross-claimants allege Akin, Gump behaved in a reckless manner. The Rule 10b–5 claim will not be dismissed for failure to comply with Rule 9(b).

■ We find equally unpersuasive defendant's argument that claimants have failed to state a claim for relief under Rule 10b–5. Section 10 of the Securities Exchange Act of 1934 makes it "unlawful for any person ... (b) [t]o use or employ, in connection with the purchase or sale of any security ... any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j. The Commission promulgated Rule 10b–5 which provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b–5. Although neither the statute nor the regulation creates an express private remedy, one has long been recognized. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730, 95 S.Ct. 1917, 1922, 44 L.Ed.2d 539 (1975). In order to state a claim under Section 10(b) and Rule 10b–5, the claimant must allege the following: (1) conduct by the defendant which is proscribed by the rule; (2) a purchase or sale of securities in connection with such proscribed conduct, and (3) resultant damages to the claimant. *Woodward v. Metro Bank of Dallas*, 522 F.2d 84 (5th Cir.1975).

In this case, Akin, Gump contends that the cross-claimants have not satisfied the first element above, arguing that conduct which is merely negligent is not proscribed by Section 10(b). Cross-claimants have alleged that Akin, Gump was negligent in failing to discover and disclose Blaylock's background but cross-claimants have further alleged that this failure by Akin, Gump amounted to recklessness and an extreme departure from the standard of ordinary care.

■ The Court agrees that negligent conduct alone is not sufficient to state a claim under Section 10(b). *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). However, in that case the Supreme Court specifically left open the question of whether in some circumstances reckless behavior is sufficient for civil liability under section 10(b). 425 U.S. at 193 n. 12, 96 S.Ct. at 1381 n. 12. The Tenth Circuit has recognized that recklessness can in some circumstances be tantamount to scienter. *Wertheim & Co. v. Codding Embryological Sciences, Inc.*, 620 F.2d 764, 766 (10th Cir.1980). If the allegations of recklessness in the cross-complaint are true, then Akin, Gump may be liable under Section 10(b) and Rule 10b–5.

■ Defendant's last argument with respect to the Section 10(b) claim is that the statute of limitations bars the action. Federal law looks to analogous state law to supply the period of limitations for Rule 10b–5 actions. *See Ernst & Ernst v. Hoch-*

*felder, supra,* 425 U.S. at 210 n. 29, 96 S.Ct. at 1389 n. 29. The parties agree in this case that the two year limitations period of 12 O.S. § 95 applies. The parties disagree on when the limitations period began to run. Akin, Gump argues that it should be measured from the date of sale on June 2, 1981. Cross-claimants argue that June 2, 1981, was not the date of sale and that the two year limitation period is tolled until the cross-claimant's discovery of fraud.

Title 12 O.S. § 95 (third) provides:

Within two (2) years ... an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have occurred until the discovery of the fraud.

Cross-claimants allege that the fraud was discovered less than two years before the filing of this action.[3]

If cross-claimants did not discover the fraud more than two years before the filing of this cross-complaint, as alleged, then the limitations period will not act as a bar. The motion to dismiss on this theory will be denied.

### Section 12(1) and 12(2) Claims

■ Cross-claimants do not dispute Akin, Gump's assertion that any claims based upon Section 12(1) of the Securities Act of 1933, 15 U.S.C. § 77*l* (1) are barred by the statute of limitations. Accordingly, Akin, Gump's motion to dismiss the Section 12(1) claim in Count XII is granted.

■ Akin, Gump argues that the cross-claimant's claim based upon Section 12(2), 15 U.S.C. § 77*l* (2) should be dismissed because it cannot be liable as an aider and abettor under that section. This Court applies the definition of "seller" under section 12(2) formulated by the Fifth Circuit. According to this definition, a person may be considered a seller under Section 12(2) if he is (1) a person in privity with the purchaser, or (2) whose participation in the buy-sell transaction is a substantial factor in causing the transaction to take place. *Pharo v. Smith,* 621 F.2d 656, 667 (5th Cir.1980). With this definition in mind, the Court cannot say that the cross-complaint fails to state a claim for relief.

■ The defendant also contends that the action is barred by the one year statute of limitations. Section 13 of the Securities Act of 1933, 15 U.S.C. § 77m, provides the limitations period for actions based upon section 12(2). That statute provides that a claim based upon section 12(2) must be brought within one year of the discovery of the untrue statement or omission, but in no event more than three years after the sale. The cross-claimants have alleged compliance in their complaint. The Court will accept this as true at this time but again repeats it admonition concerning these dates.

### State Law Claims

FCAL and FGI have reasserted their limitations argument with respect to the state law claims. The motion to dismiss with respect to these claims will also be denied.

### Conclusion

Accordingly, it is the order of this Court that Akin, Gump's Motion to Dismiss FGI and FCAL's Section 12(1) claim is hereby

---

**3.** The Court has allowed cross-claimants a great deal of latitude because this matter is before us on a motion to dismiss. Cross-claimants contend that they did not discover the fraud until at least late 1983 or early 1984 or April, 1984, when the complaint in this case was filed. FCAL and FGI have also argued that the date of the actual purchase of the units is a disputed fact.

In October 1983, the cross-claimants were before this Court as defendants in a case styled *Dolphin Airways, Inc. v. Florida Commuter Airways, Inc.,* CIV–83–2580–W. At that time the dispute between Blaylock and these cross-claimants already had a history of litigation in other courts. Many of the allegations with respect to Blaylock in this pleading were asserted by the cross-claimants at that time.

The Court urges counsel for cross-claimants to make careful investigation to determine when the relevant discovery and purchase occurred. If the limitations question is before the Court again on motion for summary judgment, the disingenuous sort of statements used to defend this motion will not be accepted.

GRANTED and the motion DENIED in all other respects.