ESTATE OF John L. FLAKE, by its executor Gloria FLAKE, on behalf of itself and all others similarly situated, Plaintiff,

v.

William K. HOSKINS, et al., Defendants.

No. CIV.A.98–2450–KHV.

United States District Court, D. Kansas.

Dec. 15, 2000.

Robert L. Howard, Darrell L. Warta, Timothy B. Mustaine, Foulston & Siefkin L.L.P., Wichita, KS, James D. Oliver, Foulston & Siefkin L.L.P., Topeka, KS, Lynda J. Grant, Peter E. Zinman, Goodkind, Labaton, Rudoff & Sucharow LLP, New York, NY, Samuel P. Logan, Logan Law Firm LLC, Olathe, KS, Leigh R. Lasky, Lasky and Rifkind, Ltd., Chicago, IL, C. Maxwell Logan, Bozeman, MT, for John Flake.

Michael Thompson, Brian D. Martin, Blackwell Sanders Peper Martin, LLP, Kansas City, MO, H Douglas Hinson, Rebecca Lamberth, Theodore J Sawicki, Oscar N Persons, Alston & Bird, Atlanta, GA, for William K Hoskins, Barrett Brady, Clarence L Roeder, Kay Nichols Callison, William V Morgan, Mark C Demetree, J.C. Nichols Co.

Michael Thompson, Brian D. Martin, Michael C. Phillips, Blackwell Sanders Peper Martin, LLP, Kansas City, MO, H Douglas Hinson, Rebecca Lamberth, Deborah Evans, Theodore J Sawicki, Craig H Kuglar, Oscar N Persons, Alston & Bird, Atlanta, GA, for Highwoods Properties, Inc.

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

VRATIL, District Judge.

For itself and on behalf of similarly situated class members, the Estate of John L. Flake brings suit against William K. Hoskins, Barrett Brady, Kay Nichols Callison, Mark C. Demetree, William V. Morgan, Clarence L. Roeder, Thomas J. Turner III, Highwoods Properties, Inc. and J.C. Nichols Company ("JCN"), for breach of corporate fiduciary duties and ERISA fiduciary duties and violation of federal securities law. On August 28, 2000, the Court sustained in part defendants' motion for summary judgment. See Memorandum And Order (Doc. # 216) filed August 28, 2000 ("August 28 Order"). This matter comes before the Court on Defendants' Motion To Reconsider (Doc. # 226) filed September 12, 2000 and Defendants' Request For Oral Argument On Their Motion For Reconsideration (Doc. # 248) filed October 27, 2000. Initially, the Court finds that oral argument will not materially assist in the disposition of the instant motions. Accordingly, defendants' request for oral argument is overruled. For reasons set forth below, the Court sustains in part defendants' motion to reconsider.

### Motion To Reconsider Standards

The Court has discretion whether to grant a motion to reconsider. See *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir.1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981); *Burnett v. Western Resources, Inc.*, 929 F.Supp. 1349, 1360 (D.Kan.1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), aff'd, 43 F.3d 1484, 1994 WL 708220 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

## Analysis

### I. Plaintiff's Claims Of Omission/Misrepresentation

■ Plaintiff alleges that in the proxy discussing the Highwoods transaction, and the letters from JCN to employee stock ownership plan ("ESOP") participants and JCN shareholders, defendants made numerous misrepresentations and omissions which violated federal securities laws, Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n; Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k; and Section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77l. Each statute requires plaintiff to show that the underlying fact was false and that defendants were negligent in not discovering otherwise. See *Wilson v. Great Am. Indus., Inc.,* 855 F.2d 987, 995 (2d Cir.1988); *Gould v. Am.–Hawaiian Steamship Co.,* 535 F.2d 761, 777–78 (3d Cir.1976) (Section 14(a) only requires negligence); *Herman & MacLean v. Huddleston,* 459 U.S. 375, 382, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983) (Section 11 only requires negligence); *Wertheim & Co. v. Codding Embryological Sciences, Inc.,* 620 F.2d 764, 767 (10th Cir.1980) (Section 12(a)(2) only requires negligence). In its previous order, the Court sustained defendants' motion for summary judgment on several claims but overruled defendants' motion as to ten other alleged misrepresentations and omissions. See August 28 Order at 119–21. Defendants now argue that the Court should have sustained their motion for summary judgment as to five of those misrepresentations and omissions.

### A. Misrepresentation That The Reason For The Highwoods Transaction Was To Further JCN's Strategy for Growth

Plaintiff argues that the proxy falsely stated that JCN entered into the Highwoods transaction to further its growth strategy. In their motion for summary judgment, defendants did not address this claim because they thought that the Court had previously dismissed it. See *Flake v. Hoskins,* 55 F.Supp.2d 1196 (D.Kan.1999). Defendants contend that despite their failure to seek summary judgment on the issue, plaintiff cannot prove that this purported reason for the merger is false, i.e. plaintiff cannot prove that the JCN growth strategy was not a motivating factor for the Highwoods transaction. Given the number of claims remaining for trial and in the interest of judicial efficiency, the Court will construe defendants' motion to reconsider this issue as a supplemental motion for summary judgment. See *Cooperman v. David,* 23 F.Supp.2d 1315, 1319 (D.Wyo. 1998) (additional factual issues and legal arguments raised in motion to reconsider may warrant reexamination of case within framework of a motion for summary judgment), aff'd, 214 F.3d 1162 (10th Cir.2000); *In re Indep. Serv. Orgs. Antitrust Litig.,* 964 F.Supp. 1479, 1482 (D.Kan.1997) (same). Plaintiff notes that defendants' argument is untimely, but it nevertheless responds on the merits. The Court cannot discern from plaintiff's response, however, whether it has additional evidence to present on the claim. Accordingly, on or before December 27, 2000, plaintiff may present evidence to controvert defendants' contention that plaintiff cannot show that the stated reason for the Highwoods transaction, i.e. to further JCN's strategy for growth, was false.

### B. Omission That The Highwoods Transaction Was Defensive In Nature

Plaintiff alleges that the proxy failed to disclose the material fact that the Highwoods transaction was "defensive." In their motion for summary judgment, defendants argued that (1) the truth of this allegation was unsupported by the record; (2) the allegation was merely a disguised breach of fiduciary duty claim; and (3) the allegation was immaterial as a matter of law. See Exhibit A to Memorandum In Support Of Defendants' Motion For Summary Judgment (Doc. # 154) filed April 22,

2000. In its previous order, the Court rejected defendants' first two arguments, but it did not address the materiality of the alleged omission.

■ "An omitted fact is material if there is a substantial likelihood that a reasonable investor would consider it important in deciding how to vote." *TSC Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 449, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976); see *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1119 (10th Cir.1997). "Put another way, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *TSC,* 426 U.S. at 449, 96 S.Ct. 2126. A proxy need not "characterize disclosed information, as long as there is disclosure of all pertinent facts." *Lewis v. Potlatch Corp.,* 716 F.Supp. 807, 810 (S.D.N.Y. 1989); see *Bolger v. First State Fin. Servs.,* 759 F.Supp. 182, 196 (D.N.J.1991) (plaintiffs did not state a Rule 14a 9 claim by alleging that defendant failed to properly characterize compensation of CEO as "gross overcompensation"); see also *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1277 (D.C.Cir.1994) (omission of pejorative characterization is not material under 10b–5 when factual matters are disclosed); *Gannon v. Cont'l Ins. Co.,* 920 F.Supp. 566, 580 (D.N.J.1996) (same). "Although generally more a factual question under the mixed standard of review, the question of materiality is to be resolved as a matter of law when the information is 'so obviously important [or unimportant] to an investor, that reasonable minds cannot differ on the question of materiality.'" *Connett v. Justus Enters. of Kan., Inc.,* 68 F.3d 382, 384 (10th Cir. 1995) (quoting *Garcia v. Cordova,* 930 F.2d 826, 829 (10th Cir.1991) (citations omitted)).

■ Plaintiff claims that in the proxy, defendants did not disclose that the transaction with Highwoods was defensive in nature. Plaintiff ignores the fact that de-fendants disclosed the underlying facts of the transaction in a manner which was sufficient for a reasonable shareholder to understand the nature of the transaction. "[T]he use of a particular pejorative adjective w[ould] not alter the total mix of information available to the investing public." *Kowal,* 16 F.3d at 1277 (citing *Basic Inc. v. Levinson,* 485 U.S. 224, 231–32, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988)). Defendants' omission of the title "defensive" is immaterial as a matter of law. See *TSC,* 426 U.S. at 449, 96 S.Ct. 2126; see also *Bolger,* 759 F.Supp. at 196; *Lewis,* 716 F.Supp. at 810. The Court therefore sustains defendants' motions to reconsider and for summary judgment on this claim.

### C. Omission That Defendants Prevented JCN From Entering Into A More Favorable Transaction For JCN With Duke

Plaintiff complains that the proxy did not discuss the fact that Duke did not pursue a bid for JCN because of the termination fee, the Kessinger Hunter agreements, and the fact that JCN had already signed a merger agreement. In its previous order, the Court ruled that defendants were not entitled to summary judgment on this claim. See August 28 Order at 80–81. The Court stated that "[w]hile the proxy contained some information about these costs, it does not contain information which suggested that they influenced Duke's decision not to place a bid." Id. at 80. Defendants now argue that plaintiff has not shown that at the time of the proxy, defendants knew or should have known of the reasons which influenced Duke not to place a bid. Defendants did not make this argument in their original motion for summary judgment. The Court therefore will construe this portion of defendants' motion as a supplemental motion for summary judgment. Again, the Court cannot discern from plaintiff's response whether it has additional evidence to present on the claim. Accordingly, on or before December 27, 2000, plaintiff may present evi-

dence to controvert defendants' contention that plaintiff cannot show that at the time of the proxy, defendants knew or should have known of the reasons which influenced Duke not to place a bid.

### D. Omission That JCN Never Contacted Intell Before Executing The Merger Agreement With Highwoods And That Intell Likely Would Have Consummated A Deal At $75.00 Per Share

■ Plaintiff claims that the proxy did not disclose the material facts that JCN never contacted Intell before executing the merger agreement with Highwoods and that Intell likely would have consummated a deal at $75.00 per share. In its previous order, the Court overruled defendants' motion for summary judgment on this claim. In their motion to reconsider, defendants first argue that they cannot be held liable for any failure to disclose the fact that JCN did not contact Intell before executing the merger agreement. Defendants contend that such a claim is precluded by the Court's findings that (1) the proxy adequately disclosed other third party expressions of interest including Intell's and (2) the proxy did not improperly fail to disclose that JCN had not authorized Morgan Stanley to seek bidders for an acquisition of JCN. Defendants fail to explain the connection between these findings and plaintiff's claim that defendants improperly failed to disclose the fact that JCN never contacted Intell before executing the merger agreement. Again, the Court cannot find as a matter of law that the proxy provided such information. See August 28 Order at 82; Proxy at 12, 33. The Court therefore overrules defendants' motion to reconsider on plaintiff's claim that the JCN board failed to disclose that it did not contact Intell before executing the merger agreement.

Defendants also argue that the Court erred because plaintiff did not present any evidence that defendants or anyone else knew that a $75.00 per share transaction with Intell likely would have been consummated. Once again, defendants did not raise this argument in their motion for summary judgment. The Court therefore will construe this portion of defendants' motion as a supplemental motion for summary judgment. Plaintiff has not explained if it has additional evidence on this claim. Accordingly, the Court will give plaintiff an opportunity to present any evidence to controvert defendants' contention that plaintiff cannot show that defendants knew or should have known that a $75.00 per share transaction with Intell likely would have been consummated.

### E. Omission That The JCN Board Refused To Indemnify Duff & Phelps For An Appraisal Of The ESOP Stock

Plaintiff alleges that in the proxy, defendants omitted the fact that the JCN board refused to indemnify Duff & Phelps for an "appraisal" of the ESOP stock. The Court held previously that a reasonable jury could conclude that such information was material. See August 28 Order at 103. Defendants now argue that the board's letter to ESOP participants on June 17, 1998 expressly disclosed the board refusal to indemnify Duff & Phelps. Defendants did not raise this argument in their motion for summary judgment. The Court therefore will construe defendants' motion to reconsider as a supplemental motion for summary judgment and give plaintiff an opportunity to present any evidence to controvert defendants' contention that plaintiff cannot show that Intrust requested indemnification for an "appraisal" which JCN denied.

### II. Damages

■ In its previous order, the Court held that plaintiff had presented sufficient evidence to prove its damages with reasonable certainty. In particular, the Court noted that "[v]iewed in the light most favorable to plaintiff, the evidence suggests that the fair market value for JCN stock

at the time of the Highwoods transaction was greater than $65.00 per share." See August 28 Order at 118. Defendants again argue that plaintiff's evidence is mere speculation. Defendants contend that plaintiff cannot establish damages with reasonable certainty because it has not presented evidence of other firm offers. A firm offer, however, is not the only evidence which plaintiff may use to establish damages.[1]

Plaintiff has presented sufficient evidence for a reasonable jury to conclude that the fair value of JCN stock was more than $65.00. First, Highwoods itself proposed to increase the purchase price from $65.00 to $71.00 or $73.00 per share,[2] and its investment banker concluded that $71.00 per share was fair to Highwoods. Moreover, Gary Barnett of Intell testified that if JCN shareholders had rejected the Highwoods transaction, Intell would have made an offer for JCN. Indeed, after completion of a substantial amount of due diligence, Intell offered $75.00 per share.[3] Barnett testified that he thought that JCN was worth that price, that the $75.00 offer was a serious bid, and that Intell intended to attempt to purchase JCN at that price. Defendants maintain that plaintiff has not shown either that Intell would have bid $75.00 per share after completion of additional due diligence or that it would have been able to obtain financing. Plaintiff is not required to show that the Intell transaction would definitely have closed at $75.00 per share. Plaintiff must only show to a reasonable degree of certainty the fair value of JCN stock at the time of the sale.[4] See *DeVries v. Starr*, 393 F.2d 9, 17 (10th Cir.1968); *Thienes v. Harlin Fruit Co.*, 499 S.W.2d 223, 229–30 (Mo.Ct.App.1973). Plaintiff has satisfied its burden by showing that Intell thought that JCN was worth $75.00 per share and that Intell intended to attempt to purchase the company at that price. Defendants have not shown that any of the remaining due diligence would have altered Intell's valuation of the company. Indeed, Barnett testified that he did not expect that the additional due diligence would have altered the $75.00 per share offer.[5]

Relying on *Minzer v. Keegan*, 218 F.3d 144, 149–51 (2d Cir.2000), defendants argue that plaintiff cannot rely on the Intell offer to establish damages because defendants have shown that the Intell transaction was "improbable." In *Minzer*, the Second Circuit held that defendants did not have to disclose information about a competing bidder's superior proposal because it was unlikely to succeed. See id. Minzer does not suggest that a plaintiff cannot rely on a competing bidder's valua-

1. As the Court noted previously, the parties discuss damages only in general terms and have not attempted to tackle the issue on a claim-by-claim basis. See August 28 Order at 118 n. 78. For example, defendants cite no case law which suggests that the difference between the fair value of JCN stock at the time of the sale and the $65.00 which plaintiff received is not a proper measure of damages for plaintiff's claims for breach of fiduciary duty under Unocal and ERISA. See August 28 Order at 117–18. Accordingly, the Court must decide only whether plaintiff has presented sufficient evidence for a jury to find with reasonable certainty that the "fair value of JCN stock at the time of the sale" was more than $65.00 per share.

2. Highwoods ultimately withdrew both proposals because it wanted to see whether shareholders would vote in favor of $65.00 per share rather than an increased amount.

3. Intell later suspended its offer to avoid the termination fee in the merger agreement with Highwoods.

4. With respect to plaintiff's federal securities law claims, the parties do not address whether plaintiff has the additional burden to show that absent fraudulent conduct, JCN likely would have consummated a deal at more than $65 per share with some purchaser. In any case, Highwoods' offers at $71 and $73 per share, which were later withdrawn, are sufficient to create a genuine issue of material fact on this point.

5. Defendants do not explain how Intell's ability to finance the purchase would change their valuation of JCN. In any event, Barnett testified that he thought Intell could obtain financing.

tion and cash offer price to establish the value of the target company. Evidence of the cash offer price from a competitor, subject to some standard contingencies such as final due diligence and financing, is sufficient for a reasonable jury to assess damages with reasonable certainty. See *50–Off Stores, Inc. v. Banques Paribas (Suisse), S.A.,* 180 F.3d 247, 255 (5th Cir. 1999) (evidence of an offer for a significant amount of shares from a "legitimate buyer" appropriately considered by jury in assessing damages); S. Pratt, R. Reilly & R. Schweihs, Valuing A Business: The Analysis And Appraisal Of Closely Held Companies at 77 (3d Ed.1996) (a bona fide, arm's length offer to buy stock may provide "particularly good evidence of value"); see also *Gilmartin v. Com'r of Internal Revenue,* 32 T.C.M. (CCH) 1158 (1973) ("Offers from a willing buyer are evidence which has been considered in determining fair market value.").

Finally, defendants contend that the Court should not look to evidence of other potential cash offers because an all cash offer would not have been likely to pass. The Court rejects defendants' argument for the reasons it set forth in its previous order. See August 28 Order at 118–19. Most importantly, even if the Intell offer would have failed, the existence of the offer combined with Intell's valuation of the company would suggest that JCN was worth more than $65.00 per share.

Plaintiff has provided evidence from which a reasonable jury might calculate damages to a reasonable certainty. Defendants' motion to reconsider is overruled with respect to plaintiff's evidence of damages.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Reconsider (Doc. # 226) filed September 12, 2000 be and hereby is **SUSTAINED in part** and **OVERRULED in part**. The Court sustains defendants' motion to reconsider and motion for summary judgment on the claim that defendants improperly failed to disclose the fact that the Highwoods trans-

action was defensive in nature. The Court overrules defendants' motion to reconsider with respect to plaintiff's evidence of damages and plaintiff's claim that the JCN board failed to disclose that it did not contact Intell before executing the merger agreement. The Court will rule on the remaining portions of the motion after further briefing.

**IT IS FURTHER ORDERED** that on or before **December 27, 2000,** plaintiff shall show cause in writing why the Court should not sustain Defendants' Motion To Reconsider (Doc. # 226) filed September 12, 2000, which the Court construes as a supplemental motion for summary judgment, on the following claims:

(1) Misrepresentation that the reason for the Highwoods transaction was to further JCN's strategy for growth;

(2) Omission of the fact that defendants prevented JCN from entering into a more favorable transaction for JCN with Duke;

(3) Omission of the fact that JCN never contacted Intell before executing the merger agreement with Highwoods and that Intell likely would have consummated a deal at $75.00 per share; and

(4) Omission of the fact that the JCN board refused to indemnify Duff & Phelps for an appraisal of the ESOP stock.

Because the Court will consider the parties' briefing on defendants' motion to reconsider, plaintiff shall limit its response to the following specific contentions:

(1) Plaintiff cannot show that the stated reason for the Highwoods transaction, i.e. to further JCN's strategy for growth, was false.

(2) Plaintiff cannot show that at the time of the proxy, defendants knew or should have known of the reasons which influenced Duke not to place a bid.

(3) Plaintiff cannot show that defendants knew or should have known that a $75.00 per share transaction with Intell likely would have been consummated.

(4) Plaintiff cannot show that Intrust requested indemnification for an "appraisal" which JCN denied.

**IT IS FURTHER ORDERED** that on or before **January 4, 2001,** defendants may file a reply to plaintiff's response to the order to show cause.

**IT IS FURTHER ORDERED** that Defendants' Request For Oral Argument On Their Motion For Reconsideration (Doc. # 248) filed October 27, 2000 be and hereby is **OVERRULED**.