43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael VOELKEL, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 94-3073.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's entry of summary judgment for defendant on his claims that the injuries he suffered when his automobile collided with a tree were enhanced due to a defective seat belt manufactured by defendant. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 4
 On July 25, 1990, plaintiff was injured when his 1984 Pontiac Firebird automobile collided with a tree on a United States military reservation, Fort Riley, Kansas. Plaintiff claims the seat belt was defective, failing to restrain him during the impact. He alleges the following defects in the driver's seat belt: (1) the buckle did not latch securely, permitting the buckle to release during the accident; (2) the mechanism intended to retract the shoulder belt was designed and installed improperly, causing the shoulder belt not to restrain plaintiff on impact; and (3) the shoulder belt was too long, thus providing no protection when the retractor failed. The district court concluded that plaintiff could produce no evidence to establish that any defects in the seat belt buckle contributed to his injuries, or that the shoulder belt was defective.
 
 
 5
 On appeal, plaintiff argues that he adduced sufficient evidence to resist summary judgment. He also claims the district court erred (1) by holding that plaintiff must establish a specific defect in the product that caused his injuries, (2) by failing to address the merits of his claims of negligent failure to warn and negligence per se, (3) by construing defendant's motion to reconsider as a second motion for summary judgment, and (4) by granting summary judgment on the express warranty claim.
 
 
 6
 We review de novo the district court's entry of summary judgment, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law," Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991), but "we must view the record in a light most favorable to the part[y] opposing the motion for summary judgment," Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). "To the extent that any of the trial judge's rulings were based on the law of Kansas, we review those state law rulings de novo." Werth v. Makita Elec. Works, Ltd., 950 F.2d 643, 648 n. 7 (10th Cir.1991)(citing Salve Regina College v. Russell, 499 U.S. 225, 231 (1991)).
 
 
 7
 "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims...." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To withstand summary judgment, the nonmoving party must establish more than the "mere existence of some alleged factual dispute;" a showing of a genuine issue of material fact is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). There is no issue for trial based on a "mere scintilla" of evidence, id. at 252, on evidence that is "merely colorable," id. at 249-50, or on factual disputes that are irrelevant or unnecessary, id. at 248.
 
 
 8
 On appeal, plaintiff argues that the district court erred by holding that plaintiff must establish a specific defect in the product that caused his injuries. Plaintiff maintains he can prevail on his strict liability, negligence, and implied warranty theories by proving a nonspecific defect or that the seat belt malfunctioned. He contends his expert established that the seat belt was defective through his opinion that the seat belt was too long, the retractor was made and installed improperly, and the seat belt buckle was defective.
 
 
 9
 It is not enough that a product was defective and plaintiff was injured; there must be a causal connection between the defect and the injury. See Wilcheck v. Doonan Truck & Equip., Inc., 552 P.2d 938, 943 (Kan.1976)("The mere fact that a person suffered injury while using a product is insufficient in itself to satisfy the requirement of proof that a defect in the product was a proximate cause of the injury.").
 
 
 10
 Here, although plaintiff's expert testified that the seat belt buckle was defective, he could not state to a reasonable degree of engineering certainty that the defects in the buckle caused or contributed to plaintiff's injuries. Plaintiff's own testimony that on prior occasions the buckle did not always latch properly cannot establish liability. Any causal connection is too speculative, particularly in view of plaintiff's expert's opinion that he could not conclude that the buckle caused or enhanced plaintiff's injuries. "[L]iability in a products liability action cannot be based on mere speculation, guess or conjecture." Mays v. Ciba-Geigy Corp., 661 P.2d 348, 360 (Kan.1983); cf. Orth v. Emerson Elec. Co., 980 F.2d 632, 636 (10th Cir.1992)(circumstantial evidence of product's defect may be based on expert's opinion).
 
 
 11
 The expert also testified that the driver's seat belt was defective because the retractor was designed and installed improperly, and the shoulder belt itself was too long. The expert's opinion was based on the assumption that the position of the driver's seat belt was the same immediately after the accident as it was when he examined the car two and one-half years after the accident: fully extended.[2] The uncontroverted evidence presented by the responding police officer, however, was that the driver's seat belt was fully retracted immediately following the accident. Because no evidence was adduced to demonstrate a question of fact about the position of the seat belt immediately following the accident, the district court properly disregarded the expert's opinion that the shoulder belt retractor contributed to plaintiff's injuries. Similarly, the uncontroverted evidence demonstrated that the shoulder belt's excessive length did not contribute to plaintiff's injuries. The medical evidence established that plaintiff's injuries were inconsistent with his having been restrained by the lap belt, but not the shoulder belt, and plaintiff did not present evidence that the lap belt failed to restrain him or that it was defective.
 
 
 12
 Therefore, we conclude the district court properly held that plaintiff failed to demonstrate a genuine issue of material fact that the seat belt buckle's defects caused his injuries, or that the seat belt itself was defective. Thus, contrary to his argument on appeal, plaintiff was not required to demonstrate a specific defect; rather, he was required to show that any defect caused or contributed to his injuries. Accordingly, because plaintiff did not establish that he was injured by a defective product, the district court properly entered summary judgment on the claim for negligent failure to warn. See Patton v. Hutchinson Wil-Rich Mfg. Co., 861 P.2d 1299, 1314 (Kan.1993)(post-sale duty to warn premised on defective product).
 
 
 13
 Plaintiff's negligence per se claim is based on defendant's alleged failure to provide information about recommended maintenance and replacement of the seat belt. Assuming without deciding that the regulations apply, plaintiff has not demonstrated that he was injured as a direct result of defendant's failure to inform; therefore, plaintiff has not established proximate causation based on violation of the regulations. See Arredondo v. Duckwall Stores, Inc., 610 P.2d 1107, 1109 (Kan.1980)(negligence per se results from violating statute; liability arises if violation was proximate cause of injury). Accordingly, summary judgment was appropriate on plaintiff's negligence per se claim.
 
 
 14
 Finally, we address plaintiff's arguments pertaining to the procedure and substance of the district court's ruling on defendant's motion to reconsider the first summary judgment order. Plaintiff claims the district court improperly treated defendant's motion to reconsider as a motion for summary judgment on the remaining claim, but he does not allege that he was unaware that he had to come forward with his evidence demonstrating the existence of a material fact. See Celotex, 477 U.S. at 326 (district court empowered to enter summary judgment sua sponte as long as nonmoving party on notice to come forward with all evidence). Therefore, the district court's decision to treat defendant's motion as one for summary judgment was not error.
 
 
 15
 As for the merits of plaintiff's express warranty claim, we have considered the language in the sales manual, as did the district court, and we hold that an express warranty was not created because plaintiff has not shown that any statement in the sales manual became "part of the basis of the bargain" for his purchase of the automobile. Kan. Stat. Ann. 84-2-313(1)(a) (1983). Furthermore, plaintiff points to no language in the alleged warranty that relates specifically to seat belts. Finally, plaintiff's inability to show that seat belt failure caused his injuries is a further impediment to his warranty claim.
 
 
 16
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The automobile had been in a salvage lot between the time of the accident in July, 1990, and October, 1992. Appellee's Supp.App. at 203. Plaintiff's expert first examined the automobile and its seat belts on February 11, 1993. Id. at 150