**Michele McCRACKIN, Plaintiff,**

v.

**LABONE, INC., Defendant.**

No. 94–2494–KHV.

United States District Court, D. Kansas.

Feb. 13, 1996.

Albert E. Grauberger, Kansas City, KS, Maria L. North–Harris, Basil L. North, Jr. & Associates, Kansas City, MO, for plaintiff.

Julia Riggle McKee, C. Brooks Wood, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter is before the Court on plaintiff *Michele McCrackin's Motion to Vacate Court's Order of September 27, 1995 Dismissing Plaintiff's Title VII Claim Against Defendant LabOne, Inc.,* (Doc. # 71), filed October 12, 1995. On September 27, 1995, the Court entered a *Memorandum and Order* (Doc. # 69) finding that, even considering plaintiff's evidence in the most favorable light, her allegations were insufficient to constitute a Title VII violation. For reasons stated herein, plaintiff's motion to vacate such order should be and hereby is overruled.

Although plaintiff fails to specify either a Federal Rule of Civil Procedure or a local rule under which the Court should vacate its decision, her motion appears to be a motion for reconsideration under District of Kansas Rule 7.3, and therefore the Court will treat it as such. A motion to reconsider is only proper when the Court has obviously misapprehended a party's position, the facts, or applicable law, or when the moving party produces new evidence that it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1989). Plaintiff does not assert that the additional facts she now proffers were not available at the time she responded to defendant's summary judgment motion, nor does she offer any explanation for bringing forth additional facts at this late date. Therefore, in ruling on this motion, the Court considers only the facts presented in the original motion and briefs and disregards any additional facts offered by plaintiff in support of her motion to vacate.

Plaintiff claims that the Court made several errors in entering its order: first, the Court improperly "compartmentalized" defendant's conduct, rather than viewing such conduct in its totality; second, the Court failed to consider all of the incidents plaintiff allegedly suffered at the hands of her supervisor, Nathan Bratcher; third, the Court erred by not considering evidence of Bratcher's conduct toward other employees; and finally, the Court improperly refused to submit to a jury the issue of whether Bratcher's conduct rose to the level of a Title VII violation. The Court will address these arguments in order.

### Compartmentalization

Plaintiff is incorrect in claiming that the Court improperly compartmentalized Bratcher's conduct into two distinct categories. The Court's separate discussions of the "candy incident" and Bratcher's physical contact with plaintiff were for convenience of analysis only, in that each incident raised issues that the other did not. For example, the act of throwing candy is not necessarily sexual in nature. Thus, in the context of the candy incident, the Court's order discussed whether, by throwing candy at plaintiff's head, Bratcher singled her out because of her gender. Conversely, the Court's discussion of Bratcher rubbing and squeezing plaintiff's shoulders and running his hand up her back is arguably sexual in nature and therefore did not necessitate a discussion whether he singled her out because she was female. Although the Court discussed these dissimilar incidents separately, the Court carefully analyzed all of the evidence and the totality of

the circumstances before deciding such motion.

### Other Incidents Involving Plaintiff

■ Plaintiff argues that the Court, as part of the totality of the circumstances, should have considered other conduct by Bratcher, such as "lewd and lascivious stares . . . when he tried to look down the front of her blouse." Bratcher's leers were not separately actionable, however, because plaintiff explicitly stated in her deposition that she never complained to Bratcher or to management about them. Plaintiff's Depo. at 28–29. Thus, plaintiff did not give LabOne notice of Bratcher's conduct, and LabOne could not have remedied the situation.

■ Whether defendant had notice of Bratcher's alleged ogling of plaintiff is crucial in determining whether defendant can be liable under Title VII. The Tenth Circuit has set forth three potential bases of employer liability for acts of sexual harassment perpetrated by supervisors. *See Ulrich v. K–Mart Corp.,* 858 F.Supp. 1087, 1092–93 (D.Kan.1994) (citing *Griffith v. State of Colo. Div. of Youth Services,* 17 F.3d 1323, 1330 (10th Cir.1994)). First, liability may attach when the harassment is committed by a supervisor acting within the scope of his employment. Of course, sexual harassment is rarely within one's job description, so this basis of liability is often of little use to plaintiffs and is inapplicable in the instant case. *See Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1417 (10th Cir.1987). A second potential basis for liability is when the alleged harasser acts as an agent of the employer. *Ulrich,* 858 F.Supp. at 1093. In the instant case, plaintiff presents no evidence to show that the existence of an agency relationship between LabOne and Bratcher aided Bratcher in staring at plaintiff; there is no evidence that Bratcher had the power to hire or fire plaintiff, nor is there evidence that he could exercise such significant control over her duties and working conditions that he would become the alter ego of defendant. *See Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993). Thus, this basis of liability is of no use to plaintiff in the instant case.

■ A third potential basis of employer liability occurs when the employer negligently fails to respond to an employee's complaint of a hostile work environment. *Ulrich,* 858 F.Supp. at 1092. The employer may be deemed negligent if it fails to remedy a hostile work environment of which it was aware or reasonably should have been aware. *See Hirschfeld v. New Mexico Corrections Dept.,* 916 F.2d 572, 577 (10th Cir.1990). In the instant case, however, plaintiff acknowledges that she did not report Bratcher's ogling to defendant's management. Moreover, she offers no evidence that would suggest that defendant had constructive knowledge of these incidents.

Moreover, even if Bratcher's "lewd and lascivious stares" as context for other acts of sexual harassment are considered as part of the allegedly hostile environment, plaintiff's argument must fail. As noted below, even considering such evidence as part of the totality of the circumstances, plaintiff's evidence does not show the degree of pervasive hostility necessary to prevail against defendant's motion for summary judgment. On this record, Bratcher's alleged efforts to look down plaintiff's blouse did not occur with such frequency or to such a degree as to be actionable, when viewed in the light of Bratcher's other conduct, under Title VII.

### Harassment of Other Employees

■ Plaintiff's third argument is that the Court erred by not considering incidents where Bratcher allegedly harassed other employees, citing deposition testimony of these co-employees:

Leta Mae Gafford testified that she had heard from others that Bratcher was "a little too friendly" with female employees, although she was unaware of particular incidents and did not think that Bratcher had been unduly friendly with her. Gafford Depo. at 18–19. Moreover, Gafford suggested that it was "common knowledge that [Bratcher] liked women." Gafford Depo. at 57–58.

Lori Prather testified that Bratcher had once looked down her blouse. Prather Depo. at 16. Prather also testified that she had

heard that Bratcher had "happy hands" and that it was "common knowledge" that he had touched the shoulders of another employee, Gail Butts. Prather Depo. at 11–12, 15. In addition, Prather stated that Bratcher had once touched her on the shoulder, although he stopped when asked, and she never reported the incident to management. Prather Depo. at 12–13.

Barbara Waltrip testified that she had heard that Bratcher made other employees uncomfortable in the way he looked at them, but she had never personally observed any such incidents. Waltrip Depo. at 15–16.

Of these statements, the only firsthand testimony is that of Lori Prather, who alleged that Bratcher touched her and once looked down her blouse. Prather admits that she did not report these incidents to management, and therefore, the Court will disregard them. Plaintiff does not advise the Court of the precise purpose for which the remainder of these statements would be admissible. She apparently does not suggest that Bratcher's conduct was so prevalent as to put defendant on notice of the alleged harassment. Instead, plaintiff suggests that Bratcher was more disposed to harass her because he harassed other women, and that the Court should conclude from this evidence that, in the totality of the circumstances, plaintiff endured a hostile and abusive workplace.[1]

Rule 404(b) of the Federal Rules of Evidence would exclude the use of the depositions for that purpose. This rule states that evidence of other acts are inadmissible to prove that a person would act accordingly. Such evidence would be admissible for other purposes, such as motive, intent, or knowledge, but plaintiff does not argue the admissibility of such evidence on these grounds. Thus, the Court properly disregarded the deposition testimony when it looked toward the totality of the circumstances.

### Jury Question

Finally, plaintiff argues that the Court should have resolved all factual disputes and made all inferences in her favor and submitted the issue to a jury. In particular, plaintiff asks the Court to infer that Bratcher threw a bag of candy at her only because she was a woman who had spurned his advances. Even if the Court were to draw the tenuous inferences that plaintiff urges, however, the result would remain unchanged. The Court remains convinced that, viewed in its totality—even in a light most favorable to plaintiff—the evidence offered by plaintiff does not rise to the level of a Title VII violation.[2] Contrary to what plaintiff claims, the Court did consider all facts properly before it in the light most favorable to plaintiff. The Court must draw from the facts all reasonable inferences in plaintiff's favor, not all possible inferences. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Applying this standard, the Court concludes that, although Bratcher's conduct may have been unprofessional and may have caused an unpleasant work environment, it did not create an atmosphere of hostility or abuse that so permeated the workplace as to alter the conditions of plaintiff's work environment, as is required for a plaintiff to succeed on a Title VII hostile work environment claim. *See Meritor Sav. Bank v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986).

**IT IS THEREFORE ORDERED** that plaintiff's *Motion to Vacate Court's Order of September 27, 1995 Dismissing Plaintiff's Title VII Claim against Defendant LabOne,*

---

**1.** While plaintiff's memorandum asserts that Bratcher's reputation made her apprehensive, Pl. Mem. at 7, this is contradicted by plaintiff's own deposition, in which she stated that she did not know Bratcher and was unaware of any reputation he might have had. Pl.Depo. at 14–15.

**2.** Plaintiff correctly observes that the events she describes transpired over a three month period, not a four month period, as the Court's order at one point erroneously stated. In all other places, the Court's opinion correctly states the relevant time frame as three months, and in any event, the distinction does not alter the Court's determination that summary judgment in defendant's favor is appropriate.

*Inc.* (Doc. # 71), filed October 12, 1995, be and hereby is overruled.