Roland S. **WEAVER,** Plaintiff,

v.

**CITY OF TOPEKA; Topeka Housing Authority; Lana Balka, Topeka Housing Authority Director; Lawrence Wilson, Topeka Housing Authority Assistant Director; Steve Corello, Topeka Housing Authority Inspector; Linda Fredricks Lindsey Hall; Secretary of Housing and Urban Development; United States of America; Fair Housing Department; Donna Whiteman, Secretary of Kansas Social and Rehabilitation Services; Kansas Department of Social and Rehabilitation Services; and David Hall, Defendants.**

No. 94–4224–SAC.

United States District Court, D. Kansas.

June 6, 1996.

Roland S. Weaver, Topeka, KS, Pro Se.

David D. Plinsky, Office of City Attorney, City of Topeka, Topeka, KS, for City of Topeka, Topeka Housing Authority, Lana Balka, Lawrence (NMN) Wilson, Steve Corello.

Linda Fredricks Lindsey Hall, Eskridge, KS, Pro Se.

Melanie D. Caro, Office of United States Attorney, Topeka, KS, for Secretary of Housing and Urban Development, Department of the United States, Inspector General of Housing and Urban Development, United States of America.

Matthew W. Boddington, Kansas Department of SRS, Topeka, KS, for Donna Secretary of Kansas Social and Rehabilitation Services, Kansas Department of Social and Rehabilitation Services.

David Hall, Eskridge, KS, Pro Se.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the plaintiff Roland S. Weaver's "Motion for Re-Determination of the Above Captioned Matter Based on New Evidence." (Dk. 96). The plaintiff's suit arises from his rental of a house under the federal Section 8 Existing Housing Program, 42 U.S.C. § 1437f. All of the defendants filed dispositive motions which the court granted by written order filed December 12, 1995, on the condition that the court would reconsider de novo its rulings if the plaintiff submitted within ten days any relevant evidentiary materials under Rule 56 of the Federal Rules of Civil Procedure. (Dk. 91). The court later extended the plaintiff's deadline to January 19, 1996. The plaintiff's pending motion was filed January 22, 1996.

■ A motion to reconsider is committed to the sound discretion of the district court. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). Such motions are proper when the court has misapprehended a party's position, the facts, or the applicable law, or when the moving party produces new evidence which could not have been obtained through the exercise of due diligence. *McCrackin v. LabOne, Inc.,* 916 F.Supp. 1107, 1108 (D.Kan.1996); *see Voelkel v. General Motors Corporation,* 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd,* 43 F.3d 1484, 1994 WL 708220 (10th Cir.1994) (Table). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel,* 846 F.Supp. at 1482. Nor is such a motion an occasion for the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

■ The plaintiff's motion is an otiose pleading that serves no other purpose than to repeat the same irrational, insubstantial, ir-

relevant and untenable allegations found in the plaintiff's prior memoranda. The plaintiff does not submit any proper Rule 56 evidence controverting any of the documented matters to which the court had referred in its earlier order. Despite the title on his motion, the plaintiff neither refers to nor produces any new evidence. While the plaintiff is quite prepared to opine that there is an unlawful motive behind nearly every one of the defendants' actions taken in relation to his rental housing matters, his most recent memorandum reveals again that he has nothing in the form of evidence, circumstantial or direct, to substantiate his opinion. As for his opinion, it is irrational to the extent that he believes that numerous local, state and federal officials conspired together to make him personally liable to the Topeka Housing Authority for $558 in damages to the rental property. The plaintiff's opinion is baseless as he infers illegal motives and actions from the most innocuous circumstances.[1] The plaintiff offers the court no rational and tenable basis for believing that his critical allegations of discrimination and/or civil rights violations would be sustained by any evidence produced during discovery.

Finally, the plaintiff's memorandum does not address any of the legal issues decided in the prior order. On the issue of qualified immunity, the plaintiff does not allege the facts necessary to determine what civil rights, if any, were violated or whether the plaintiff's claims are based on violations of clearly established law. On the issue of sovereign immunity, the plaintiff does not attempt to show that his action comes within any of the provisions that have been recognized as waivers of immunity. The plaintiff does not challenge the court's ruling that his Title VIII claim is barred by the statute of limitations. For all of these reasons and those expressed in the order filed December 12, 1995, (Dk. 91), the court denies the plaintiff's motion to reconsider.

IT IS THEREFORE ORDERED that the plaintiff's "Motion for Re–Determination of the Above Captioned Matter Based on 'New–Evidence,'" (Dk. 96) is denied.

---

**1.** For example, the plaintiff alleges "Malice of intent to the conspiracy" (sic) from the fact that pictures were not taken when he moved into the house but were taken when he moved out. There is nothing remotely suspicious about this circumstance. He offers nothing, not even his opinion, that indicates when the Topeka Housing Authority generally takes pictures of rental property other than when the property owner submits a damage claim. Consequently, there is no basis for inferring anything unusual in THA's reliance on the security deposit check list signed the plaintiff and the initial and later inspection reports in determining the condition of the rental property when Weaver became the tenant. As for the condition of the property at the end of the plaintiff's tenancy, the plaintiff offers no factual basis for controverting the photographic evidence or for inferring anything unusual from the fact that the photographs were taken.