**Marcus R. HAMMOND, Sr., Plaintiff,**

v.

**CITY OF JUNCTION CITY, KANSAS, et al., Defendants.**

No. 00–2146–JWL.

United States District Court, D. Kansas.

Oct. 12, 2001.

Denise M. Anderson, Kansas City, MO, Glenn B. Brown, Anderson & Associates, LLC, Kansas City, MO, for plaintiff.

Rebecca McGinnis, Michael A. Williams, Lathrop & Gage L.C., Kansas City, MO, for defendants.

David W. Hauber, Baty & Holm, P.C., Kansas City, MO, for objector.

## MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on the Motions for Reconsideration filed by Plaintiff Marcus Hammond (doc. 45) and the law firm representing Plaintiff, Anderson & Associates L.L.C. (the "Law Firm") (doc. 49) (Plaintiff and the Law Firm collectively referred to as the "Moving Parties"). The Moving Parties seek reconsideration of the Court's July 10, 2001 Order (doc. 44), which granted in part Defendants' Motion for Protective Order (doc. 31). In the event the Court denies the Motions for Reconsideration, the Moving Parties ask the Court to stay the effect of its July 10 Order pending review of the Order by the District Court Judge under Fed.R.Civ.P. 72(a). (*See* doc. 45, 49.)

Also pending before the Court are Defendants' requests that the Court (1) "deny David Hauber's Entry of Appearance" for the Law Firm (doc. 53); (2) strike all pleadings filed by Mr. Hauber on behalf of the Law Firm (doc. 53); and (3) award Defendants the attorney fees and costs associated with responding to Plaintiff's Motion for Reconsideration (doc. 54).

## I.  Summary of the Court's July 10, 2001 Order

The Court's July 20, 2001 Order (doc. 44) granted in substantial part Defendants' Motion for Protective Order (doc. 31). Defendants asserted in their Motion for Protective Order that at least one of Plaintiff's counsel had improper ex parte communications about the case with Al Hope, Sr., the Director of Human Relations for the City.

Defendants argued that Mr. Hope is a managerial employee of the City and that the contacts were in violation of Kansas Rule of Professional Conduct 4.2, which prohibits, *inter alia,* attorneys from engaging in certain ex parte communications with employees of a party organization who have managerial responsibilities on behalf of the organization.

Defendants moved for a protective order to prevent Plaintiff's counsel from having any further ex parte discussions with Mr. Hope or with any other managerial employee of the City. They also requested that the Court exclude from evidence any information that Plaintiff's counsel obtained through the ex parte discussions. In addition, they asked that Plaintiff's counsel be disqualified from representing Plaintiff or any class members in this case.

Based on the extensive briefing of the parties and the testimony given and the exhibits provided at an April 3, 2001 evidentiary hearing, the Court ruled that Plaintiff's counsel had engaged in ex parte communications with Mr. Hope in violation of Kansas Rule of Professional Conduct 4.2. The Court granted Defendants a significant portion of the relief they requested in their Motion for Protective Order. Among other things, the Court disqualified Plaintiff's counsel, who are attorneys associated with the Law Firm, and the Law Firm from further representing Plaintiff or from representing any other individual, including any class member, in this case. The Court also imposed sanctions against the Law Firm.

## II. Defendants' Request to Deny David Hauber's Entry of Appearance and to Strike the Pleadings Filed by Mr. Hauber (doc. 53)

The Law Firm has retained counsel David Hauber and the firm of Baty &

Holm, P.C., to represent it in seeking review of the Court's July 10, 2001 Order. Defendants concede that the Law Firm has standing to request review of those portions of the July 10, 2001 Order that directly affect the Law Firm, including the disqualification of Plaintiff's counsel and the Law Firm, and the imposition of sanctions against the Law Firm. Defendants, however, object to the entry of appearance by Mr. Hauber and Baty & Holm, P.C. for the Law Firm, and to Mr. Hauber's filing of pleadings on behalf of the Law Firm. Defendants ask the Court "to deny David Hauber's Entry of Appearance" on behalf of the Law Firm and to strike all pleadings filed by Mr. Hauber, including the Law Firm's Motion for Reconsideration, supporting memorandum, and reply brief.

Defendants do not point the Court to any case law that would prevent the Law Firm from retaining counsel to appear and file pleadings on its behalf.[1] Defendants, however, argue that because the Law Firm is not a party to this action, it has no right to have independent counsel enter an appearance on its behalf. Defendants also argue that Mr Hauber's entry of appearance "flies in the face of judicial economy and creates duplicative filings." Doc. 53 at 4. The Court does not agree.

It is well settled that "[c]ounsel have standing to appeal orders that directly aggrieve them." *Weeks v. Independent School. Dist. No. I–89,* 230 F.3d 1201, 1207 (10th Cir.2000), *cert. denied,* — U.S. —, 121 S.Ct. 1959, 149 L.Ed.2d 755 (2001); *accord Uselton v. Commercial Lovelace Motor Freight, Inc.,* 9 F.3d 849, 854 (10th Cir.1993) ("Counsel have standing to appeal from orders issued directly against them."). Such orders include the disqualification of counsel and the imposition of

---

**1.** The only case cited by Defendants, *Rogers v. National Union Fire Ins. Co. of Pittsburgh,* *Penn.,* 864 F.2d 557 (7th Cir.1988) is not on point.

sanctions against counsel. *Weeks,* 230 F.3d at 1207–1208. Given that attorneys have standing to appeal such orders, the Court believes it logically follows that they be allowed to retain their own counsel to represent them in their appeals. The Court can find no case law that indicates otherwise.

Furthermore, the Court is not persuaded by Defendants' arguments that the Law Firm's retention of counsel will result in duplicative filings or delay resolution of the matter. Even if the Court were to prevent Mr. Hauber from entering his appearance and from filing pleadings on the Law Firm's behalf, the Law Firm would still have the right to author and file pleadings on its own behalf. Consequently, prohibiting Mr. Hauber from appearing on behalf of the Law Firm and from filing pleadings would not necessarily result in fewer briefs or a quicker resolution of the challenge to the Court's Order.

For these reasons, the Court will deny Defendants' request that the Court deny David Hauber's Entry of Appearance and their request that the Court strike all pleadings filed by Mr. Hauber on behalf of the Law Firm. The Court holds that the Law Firm has the right to be represented by counsel in seeking review of the Court's July 10, 2001 Order to the extent that the Order directly affects the Law Firm.

### III. The Motions for Reconsideration (doc. 45 and 49)

Having determined that the Law Firm has the right to be represented by counsel in seeking review of those portions of the Order that directly affect it, the Court will now proceed to rule on the Motions for Reconsideration.

### A. The Standard for Deciding Motions for Reconsideration

■ The decision whether to grant or deny a motion for reconsideration is committed to the Court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1386 (10th Cir.1997); *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir.1997). In exercising that discretion, courts have recognized three major grounds for granting reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995); *Sims v. Unified Gov't of Wyandotte County/Kansas City, Kan.,* 120 F.Supp.2d 938, 964–65 (D.Kan. 2000). *See also* D. Kan. Rule 7.3(b) (listing three bases for reconsideration of order).

■ Reconsideration is appropriate where a court "has obviously misapprehended a party's position on the facts or the law," or where the court "has mistakenly decided issues outside of those the parties presented for determination." *Sims,* 120 F.Supp.2d at 965 (quoting *Sithon Maritime Co. v. Holiday Mansion,* 177 F.R.D. 504, 505 (D.Kan.1998)). On the other hand, a motion to reconsider is not a second opportunity for the losing party to make its strongest case or to rehash or expand on arguments that previously failed. *Sims,* 120 F.Supp.2d at 965; *Voelkel v. General Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan.1994), *aff'd,* 43 F.3d 1484, 1994 WL 708220 (10th Cir. Dec.21, 1994) (table). In addition, such motions are not appropriate if the movant asks the Court to hear new arguments or consider supporting facts that could have been presented originally. *Brown v. Presbyterian Healthcare Servs.,* 101 F.3d 1324, 1332 (10th Cir.1996).

### B. Analysis

■ The Court does not find that reconsideration is warranted here. A signifi-

cant portion of each Motion for Reconsideration is premised on the theory that Kansas Model Rule of Professional Conduct 4.2 should not be applied to the communications between Plaintiff's counsel and Al Hope, Sr., because Mr. Hope is a putative class member in this case. This legal theory was previously advanced by Plaintiff in his response to the Motion for Protective Order, albeit in a much condensed form. *See* doc. 32 at pp. 18–19. The Motions for Reconsideration expand on and strengthen the arguments in support of that theory. Such expanded and new arguments, however, are not proper grounds upon which to seek reconsideration. As noted above, a party's failure to fully develop his arguments does not entitle him to a second chance to argue the same points, expand his legal arguments, or advance new theories.

Plaintiff and his counsel had the opportunity to fully respond to Defendants' Motion for Protective Order, and Plaintiff filed not only a lengthy response but a sur-reply and a supplement to the sur-reply. Plaintiff focused his arguments on Al Hope's managerial status, asserting that he was not a managerial employee of the City and that Rule 4.2 therefore did not apply. Alternatively, Plaintiff argued that the communications his counsel had with Mr. Hope were not about the "subject of the representation" and were thus not barred by Rule 4.2. In one paragraph of his response, Plaintiff also argued that Rule 4.2 should not apply to the communications between his counsel and Mr. Hope because Mr. Hope was a putative class member. In addition, Plaintiff's counsel participated in a full-day evidentiary hearing, which focused on Mr. Hope's alleged managerial status.

In short, Plaintiff and his counsel had the opportunity to fully and completely present their arguments in support of Plaintiff's legal theory that Rule 4.2 should not apply to communications between a plaintiff's counsel and putative plaintiff class members. Plaintiff chose to give those arguments only cursory attention in his original briefing. Plaintiff's failure to fully and comprehensively address the issue at that time does not entitle him to a second chance to expand on his arguments.

Even if the Court were to consider the expanded arguments made in the Motions for Reconsideration, the Court is not persuaded that reconsideration is necessary to correct clear error or prevent manifest injustice. The Court is not persuaded by the Moving Parties' arguments, and does not find that the Court's Order was clearly erroneous or that manifest injustice will be imposed on Plaintiff or the Law Firm. While the Court recognizes that disqualification of Plaintiff's counsel and the other relief afforded Defendants are very significant—if not extreme—sanctions, the Court believes they are fully warranted here.

## IV. Motions to Stay Pending Review by the District Judge (doc. 45, 49)

■ D. Kan. Rule 72.1.4(d) allows a party to apply to the Magistrate Judge for a stay of the Magistrate Judge's order pending review of the order by the District Court Judge. Given the seriousness of the sanctions imposed by the Court's July 10, 2001 Order, the Court holds that a stay of most of the Order is appropriate. The Court will stay its July 10, 2001 Order with one exception. The Court will *not* stay that portion of the Order dealing with the disclosure of information and documents regarding the communications between Plaintiff's counsel and Al Hope, Sr.[2] The

---

**2.** That portion of the July 10, 2001 Order (doc. 44) is contained in the last paragraph of page 40 and continues onto page 41.

Court does, however, find that a slight modification of that provision is necessary to allow (1) Plaintiff's counsel and the Law Firm to disclose to Mr. Hauber information and documents in connection with Mr. Hauber's representation of the Law Firm; and (2) to allow Plaintiff's counsel and the Law Firm to disclose such information to a disciplinary administrator or board, or to any person or entity in the course of a disciplinary proceeding relating to these issues.

Accordingly, the July 10, 2001 Order (doc. 44) shall be stayed, with the exception of the following provision of the Order, as hereby modified:

Plaintiff's present counsel and the law firm of Anderson & Associates L.L.C. shall be prohibited from disclosing to any individual or party, without prior consent of the Court, the following information and documents, except in the course of representing Al Hope, Sr., in connection with his *individual* claims: (i) information regarding any discussions or meetings they had with Al Hope, Sr., including the contents of any such discussions or meetings and any information they learned or obtained during the course of any such discussions or meetings; and (ii) to the extent they exist, any notes, tape recordings, memoranda, or other documents or recordings discussing, relating to, or generated in, any such discussions or meetings.

Notwithstanding the above, Plaintiff's present counsel and Anderson & Associates, L.L.C. shall not be prohibited from disclosing the above-described information and documents to (i) counsel David Hauber or any other lawyers or employees of Baty and Holm, P.C., in connection with Mr. Hauber's representation of Anderson & Associates L.L.C. in its challenge of the Court's July 10, 2001 Order or in connection with his representation of Anderson & Associates L.L.C. in any disciplinary proceeding relating to these issues; or (ii) a disciplinary administrator or disciplinary board, or any person or entity in the course of a disciplinary proceeding relating to these issues.

In addition to staying the imposition of sanctions and the other relief accorded Defendants in the July 10, 2001 Order (with the exception of the above-cited provision regarding the disclosure of information and documents), the Court will continue to stay all discovery and other pretrial proceedings in this case, pending review by the District Court Judge of the Moving Parties' objections to the July 10, 2001 Order.

Plaintiff and the Law Firm shall serve and file their motions for review and objections to the July 10, 2001 Order in accordance with Fed.R.Civ.P. 72(a) and D. Kan. Rule 72.1.4(a).

## V. Defendants' Request for Attorney Fees and Costs (doc. 54)

Defendants request that they be awarded the attorney fees and costs they have incurred in responding to Plaintiff's Motion for Reconsideration. The Court will defer ruling on this request until such time as the District Court has ruled on Plaintiff's Rule 72(a) motion for review and objections.

**IT IS THEREFORE ORDERED** that Defendants' request that the Court deny David Hauber's entry of appearance on behalf of Anderson & Associates L.L.C. and that the Court strike all pleadings filed in this case by Mr. Hauber on behalf of Anderson & Associates L.L.C. (doc. 53) is denied.

**IT IS FURTHER ORDERED** that the Motions for Reconsideration of the Court's July 10, 2001 Order filed by Plaintiff Marcus Hammond (doc. 45) and Anderson & Associates L.L.C. (doc. 49) are denied.

**IT IS FURTHER ORDERED** that the Motions to Stay the effect of the Court's July 10, 2001 Order, pending review of the Order by the District Court Judge (doc. 45, 49), are granted in part. The effect of the Court's July 10, 2001 Order (doc. 44) is hereby stayed pending the District Court Judge's review of the Order, with the exception of the provision prohibiting disclosure of certain information and documents. Said provision is modified to read as follows:

> Plaintiff's present counsel and the law firm of Anderson & Associates L.L.C. shall be prohibited from disclosing to any individual or party, without prior consent of the Court, the following information and documents, except in the course of representing
>
> Al Hope, Sr., in connection with his *individual* claims: (i) information regarding any discussions or meetings they had with Al Hope, Sr., including the contents of any such discussions or meetings and any information they learned or obtained during the course of any such discussions or meetings; and (ii) to the extent they exist, any notes, tape recordings, memoranda, or other documents or recordings discussing, relating to, or generated in, any such discussions or meetings.

Notwithstanding the above, Plaintiff's present counsel and Anderson & Associates L.L.C. shall not be prohibited from disclosing the above-described information and documents to (i) counsel David Hauber or any other lawyers or employees of Baty and Holm, P.C., in connection with Mr. Hauber's representation of Anderson & Associates L.L.C. in its challenge of the Court's July 10, 2001 Order or in connection with his representation of Anderson & Associates L.L.C. in any disciplinary proceeding relating to these issues; or (ii) a disciplinary administrator or disciplinary board, or any person or entity in the course of a disciplinary proceeding relating to these issues.

**IT IS FURTHER ORDERED** that all discovery and other pretrial proceedings in this case are stayed, pending review of the July 10, 2001 Order by the District Court Judge.

IT IS FURTHER ORDERED that Plaintiff and Anderson & Associates L.L.C. shall file their motions for review and objections to the July 10, 2001 Order in accordance with Fed.R.Civ.P. 72(a) and D. Kan. Rule 72.1.4(a).

**IT IS FURTHER ORDERED** that the Court shall defer ruling on Defendants' request for attorney fees and costs incurred in responding to Plaintiff's Motion for Reconsideration until such time as the District Court Judge has ruled on Plaintiff's Rule 72(a) motion for review and objections to the July 10, 2001 Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this Order to the Kansas Disciplinary Administrator at the address listed below.

**IT IS SO ORDERED.**